## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TED CRUZ FOR SENATE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 19-908 (APM) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, *et al.*, | ) | STIPULATED PROTECTIVE ORDER |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

This action challenges the constitutionality of 52 U.S.C. § 30116(j) and the validity of its implementing regulations. (Compl. For Declaratory and Injunctive Relief ("Compl.") at ¶¶ 1-4 (Docket No. 1).) That statute allows a campaign committee to use up to $250,000 in contributions raised after an election to repay candidate's "personal loans" to that committee. 52 U.S.C. § 30116(j). The complaint alleges that, to help finance his Senate campaign, Senator Cruz incurred a personal loan of $260,000, $5,000 of which "originated from CRUZ's personal bank accounts " and $255,000 of which "originated from a margin loan that is secured with CRUZ's personal assets." (Compl. ¶ 28.) Plaintiffs challenge section 30116(j) on its face and as applied to Senator Cruz's personal loans. (*Id.* ¶¶ 39, 44.) In their initial disclosures, plaintiffs state that that they may use various agreements and account records with Senator Cruz's financial institutions to support their claims or defenses. Defendants Federal Election Commission and their Commissioners in their official capacity ("Commission" or "FEC") have thus propounded discovery to plaintiffs that, in part, asks for financial information that the Commission believes to be relevant to the Court's jurisdiction and the parties' claims or defenses.

The Court finds good cause to be present for entry of this Order. By the terms of this Order, plaintiffs do not waive any objections to disclosure of documents or information in this or any subsequent litigation, nor does the Commission waive any objection or challenge to plaintiffs' refusal or failure to produce documents or information in this or any other litigation or dispute.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      Plaintiffs and their counsel of record may provide confidential personal financial information to the Commission. For purposes of this protective order, "PERSONAL FINANCIAL INFORMATION" shall constitute nonpublic information relating to personal finances, such as non-public financial account numbers. "PERSONAL FINANCIAL INFORMATION" shall not constitute, among other things, information relating to Senator Cruz's campaign finances or this Committee's campaign finances or any relationships Senator Cruz or his Committee had or have with any financial institutions in connection with Senator Cruz's status as a candidate for federal office, so long as and to the extent that such information does not include confidential information such as non-public financial account numbers. The Commission may only use PERSONAL FINANCIAL INFORMATION as provided in paragraphs 2 and 3 below.

2.      Plaintiffs will place the legend "CONFIDENTIAL MATERIAL" or its substantive equivalent on the front of any personal financial information prior to providing it in accordance with the terms of this order. Any such material filed in the Court by either party will be redacted from any public filing and any Court filings containing unredacted CONFIDENTIAL MATERIAL will be filed under seal.

3.      Inadvertent failure to designate any CONFIDENTIAL MATERIAL pursuant to

this Protective Order shall not constitute a waiver of any otherwise valid claim for protection. If plaintiffs determine that a previously produced document inadvertently was not identified as containing CONFIDENTIAL MATERIAL, plaintiffs shall give notice in writing that the document is to be treated as containing CONFIDENTIAL MATERIAL, and thereafter the designated document shall be treated as though it had initially be designated in accordance with this Protective Order. Defendants are under no obligation to treat a document as protected unless and until it is designated as such by plaintiffs.

4.      Material designated as CONFIDENTIAL MATERIAL or by operation of this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or part from such material, shall be held in confidence and may be filed by counsel for the Commission only in connection with this litigation or a related case to it, as defined by Local Civil Rule of the United States District Court for the District of Columbia 40.5, or pursuant to the order of a court of competent jurisdiction. Each person receiving CONFIDENTIAL MATERIAL shall take all necessary and reasonable precautions to secure CONFIDENTIAL MATERIAL in his or her possession against unauthorized disclosure, including, but not limited to, physically securing, safeguarding, and restricting access to the Protected Information.

5.      In the event the Commission objects to the designation of any document or information as CONFIDENTIAL MATERIAL, counsel for the Commission shall advise counsel for plaintiffs in writing (including by email) of the objection and identify the document or information designated as CONFIDENTIAL MATERIAL. Counsel for plaintiffs must then inform the Commission in writing (including by email) reasonably promptly whether plaintiffs agree not to designate the material as CONFIDENTIAL MATERIAL, or whether they continue

to assert designation is appropriate. In the event plaintiffs continue to assert their designation is appropriate, then the Commission will present the dispute to the Court by appropriate motion subject to the duty to meet and confer pursuant to Local Civil Rule 7(m). During the pendency of any such dispute, the designated document or information shall continue to be treated as CONFIDENTIAL MATERIAL subject to the provisions of this Order.

6. In the event the Commission receives a subpoena or other document purporting to compel the agency by law to disclose CONFIDENTIAL MATERIAL to persons outside the agency, they shall promptly notify plaintiffs of the receipt of such subpoena or notice. Plaintiffs may, at their choosing and expense, seek to quash that subpoena or notice. Nothing in this Protective Order compels the Commission to refuse a court order or otherwise incur legal sanction by refusing to produce CONFIDENTIAL MATERIAL. Except as provided in paragraphs 2 and 3 of this Protective Order, the Commission shall not disclose CONFIDENTIAL MATERIAL in the absence of a court order.

7. Nothing in this Order shall preclude the Commission from independently seeking documents or information covered by this Protective Order in connection with a separate proceeding. Nothing in this Protective Order shall govern the use of documents or materials obtained in such a separate proceeding.

8. Within 120 days of the conclusion of this action (including any appeals and remands, including any proceedings before the Supreme Court, including on writ of certiorari), defendants shall undertake reasonable and prudent efforts either (A) to destroy all CONFIDENTIAL MATERIAL received from plaintiffs, and all copies of and all notes, summaries, and references relating to such CONFIDENTIAL MATERIAL, or (B) to return the CONFIDENTIAL MATERIAL received from plaintiffs back to plaintiffs. Within 120 days of

the conclusion of this action (including any appeals and remands, including any proceedings before the Supreme Court, including on writ of certiorari), defendants must certify, in writing, to plaintiffs that it has undertaken such reasonable and prudent efforts in compliance with this Paragraph. Notwithstanding this Paragraph, Defendants are entitled to take whatever lawful action is necessary to comply with the Federal Records Act, so long as any documents retained in compliance with that Act are properly marked and secured.

9.      Any party may petition this Court to amend the confidentiality provisions of this Order if good cause is shown.

IT IS SO ORDERED.


___7/1/19_____
Date

_____
Hon. AMIT P. MEHTA
United States District Judge