**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| TED CRUZ FOR SENATE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 19-908 (APM) |
| v. | ) ) ) | |
| FEDERAL ELECTION COMMISSION, *et al.*, | ) ) | ANSWER |
| Defendants. | ) ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S ANSWER**

Defendant Federal Election Commission ("FEC" or "Commission") submits this answer to the Complaint for Declaratory and Injunctive Relief of plaintiffs Ted Cruz for Senate and Senator Rafael Edward ("Ted") Cruz. Any allegation not specifically responded to below is DENIED.

1. ADMIT that the quoted language in the first sentence is excerpted from the First Amendment to the United States Constitution. The remainder of this paragraph contains plaintiffs' characterizations of the First Amendment's purpose and application, to which no response is required.

2. The first sentence of this paragraph is DENIED. ADMIT that the second sentence of this paragraph quotes accurately from 52 U.S.C. § 30116(j). ADMIT that the third sentence of this paragraph accurately describes 11 C.F.R. § 116.11. The fourth sentence of this paragraph is DENIED. ADMIT that the penalties described in the fifth sentence of this paragraph would be available in an appropriate case.

3. DENY.

4. DENY.

5. This paragraph contains plaintiffs' characterizations of legal claims in their own Complaint, to which no response is required.

6. ADMIT that President George W. Bush signed the Bipartisan Campaign Reform Act ("BCRA") into law on March 27, 2002. The remainder of the paragraph contains plaintiffs' characterizations of BCRA, to which no response is required.

7. ADMIT that some provisions of BCRA have been struck down in the cases cited after the first sentence of this paragraph, while other provisions of BCRA have been upheld by the Supreme Court in some of the same cases and in additional cases. ADMIT that the second and third sentences generally summarize the holdings in two Supreme Court cases, and that the third sentence accurately quotes from *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 564 U.S. 721 (2011), but DENY that the Millionaires' Amendment raised contribution limits for opponents in all circumstances when a self-financing candidate's campaign expenditures exceeded a certain amount.

8. ADMIT.

9. ADMIT.

10. DENY.

11. This paragraph contains plaintiffs' characterizations of legal remedies sought in their own Complaint, to which no response is required.

12. ADMIT the first sentence of this paragraph. The second sentence of this paragraph is too vague for the Commission to admit or deny. The Commission is without knowledge or information sufficient to admit or deny the third sentence of this paragraph, except ADMIT that it is consistent with reports filed with the FEC by plaintiff Ted Cruz for Senate.

13. ADMIT.

14. ADMIT.

15. ADMIT that the first sentence of this paragraph was true at the time this lawsuit was filed. Ellen L. Weintraub is still a Commissioner but is no longer the Chair of the FEC. ADMIT the second sentence of this paragraph. The third sentence of this paragraph contains plaintiffs' characterizations of legal claims in their own Complaint, to which no response is required.

16. ADMIT that the first two sentences of this paragraph were true at the time this lawsuit was filed. Matthew S. Petersen is no longer a Commissioner or the Vice Chair of the FEC. The third sentence of this paragraph contains plaintiffs' characterizations of legal claims in their own Complaint, to which no response is required.

17. ADMIT the first and second sentences of this paragraph, with the added note that Caroline C. Hunter is currently not only a Commissioner but also the Chair of the FEC. The third sentence of this paragraph contains plaintiffs' characterizations of legal claims in their own Complaint, to which no response is required.

18. ADMIT the first two sentences of this paragraph. The third sentence of this paragraph contains plaintiffs' characterizations of legal claims in their own Complaint, to which no response is required.

19. DENY that 28 U.S.C. §§ 2201-2202 grant the Court jurisdiction. DENY that this Court otherwise has jurisdiction because plaintiffs' claims are neither substantial nor justiciable.

20. This paragraph contains plaintiffs' characterizations of judicial actions sought in their own Complaint, to which no response is required.

21. ADMIT that venue is proper under 28 U.S.C. § 1391(e)(1). DENY that this Court has jurisdiction under BCRA § 403 because plaintiffs' claims are neither substantial nor justiciable.

22. ADMIT.

23. ADMIT that 11 C.F.R. § 116.11 interprets 52 U.S.C. § 30116(j) to include loans that a candidate makes to his or her campaign from personal funds.

24. This paragraph characterizes the text of Increased Contribution and Coordinated Party Expenditure Limits for Candidates Opposing Self-Financed Candidates, 68 Fed. Reg. 3970, 3974 (Jan. 27, 2003), which speaks for itself, and so no response is required.

25. ADMIT.

26. ADMIT.

27. ADMIT that the described criminal penalties may be available for the described violations in an appropriate case.

28. The Commission is without knowledge or information sufficient to admit or deny this paragraph, except ADMIT that the information in this paragraph is consistent with reports filed with the FEC by plaintiff Ted Cruz for Senate.

29. The Commission is without knowledge or information sufficient to admit or deny this paragraph, except ADMIT that the specific amounts listed as to cash on hand and debts outstanding are consistent with reports filed with the FEC by plaintiff Ted Cruz for Senate.

30. The Commission is without knowledge or information sufficient to admit or deny this paragraph except to ADMIT that the information in this paragraph is consistent with reports filed with the FEC by plaintiff Ted Cruz for Senate.

31. The Commission is without knowledge or information sufficient to admit or deny this paragraph except to ADMIT that the information in this paragraph is consistent with reports filed with the FEC by plaintiff Ted Cruz for Senate.

32. As described above, the Commission is without knowledge or information sufficient to admit or deny the factual assumptions of this paragraph, but assuming they are true ADMIT this paragraph.

33. The Commission is without knowledge or information sufficient to admit or deny this paragraph.

34. This paragraph re-alleges and incorporates by reference the allegations contained in paragraphs 1-33 of plaintiffs' Complaint, and the Commission therefore incorporates by reference its responses to those paragraphs.

35. This paragraph contains plaintiffs' characterization of 52 U.S.C. § 30116(j), which speaks for itself.

36. ADMIT that the Commission has interpreted 52 U.S.C. § 30116(j) to apply to repayment of loans made by a candidate from personal funds.

37. This paragraph contains plaintiffs' legal conclusions, to which no response is required.

38. DENY.

39. DENY.

40. DENY.

41. DENY.

42. This paragraph re-alleges and incorporates by reference the allegations contained in paragraphs 1-41 of plaintiffs' Complaint, and the Commission therefore incorporates by reference its responses to those paragraphs.

43. This paragraph contains plaintiffs' legal conclusions, to which no response is required.

44. DENY.

45. This paragraph re-alleges and incorporates by reference the allegations contained in paragraphs 1-44 of plaintiffs' Complaint, and the Commission therefore incorporates by reference its responses to those paragraphs.

46. DENY.

47. This paragraph re-alleges and incorporates by reference the allegations contained in paragraphs 1-46 of plaintiffs' Complaint, and the Commission therefore incorporates by reference its responses to those paragraphs.

48. DENY.

49. This paragraph re-alleges and incorporates by reference the allegations contained in paragraphs 1-48 of plaintiffs' Complaint, and the Commission therefore incorporates by reference its responses to those paragraphs.

50. This paragraph contains plaintiffs' characterization of 52 U.S.C. § 30116(j), which speaks for itself.

51. DENY.

52. Plaintiffs are not entitled to the relief requested or to any other relief.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

*/s/ Seth Nesin*
Seth Nesin
Attorney
snesin@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, N.E.
Washington, DC 20463
(202) 694-1650

January 7, 2020