UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TED CRUZ FOR SENATE, et al.,** )<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>**FEDERAL ELECTION COMMISSION, et al.,** )<br>)<br>  Defendants. )<br>) | Case No. 19-cv-908 (NJR, APM, TJK) |

## ORDER

Plaintiffs Raphael Edward Cruz ("Senator Cruz") and Ted Cruz for Senate ("Cruz Committee") seek partial reconsideration of the court's March 30, 2020 Memorandum Opinion and Order compelling Plaintiffs to produce all non-privileged information responsive to 11 discovery requests served on them by the Federal Election Commission ("FEC"). The discovery requests seek information regarding the circumstances surrounding two loans Senator Cruz made to the Cruz Committee on the eve of the 2018 election, and their repayment. In its previous decision, the court rejected Plaintiffs' argument that the information was irrelevant to this litigation, holding that "information about Senator Cruz's motivation in taking out the loans, and how the Committee chose to repay him, may be relevant to the burden Section 304 places on Plaintiffs' First Amendment rights—and, correspondingly, to defenses the Commission may seek to mount in response to Plaintiffs' as-applied challenges." Mem. Op. & Order, ECF No. 45 [hereinafter Order], at 9. However, the court refrained from ordering production of information that Plaintiffs claimed was shielded by the First Amendment privilege, noting that an *in camera* review was necessary before any such documents could be produced. *Id.* at 1–2.

Rather than fully answering the FEC's requests as directed, Plaintiffs revised their response to a single interrogatory, stating that "the Cruz Committee used the funds it raised before the election to pay other obligations instead of repaying Senator Cruz's loans because it wished to challenge the constitutionality of the statutory and regulatory provisions preventing it from repaying the loans with money raised after the election." *See* Pls.' Mot. to Reconsider, ECF No. 46 [hereinafter Pls.' Mot.], at 3.  Senator Cruz also responded to a subsequent request for admission from the FEC, acknowledging that he "made the [loans] to the [Cruz Committee] for the purpose of bringing this lawsuit." *Id.*  Plaintiffs now ask the court to reconsider its Order as to the remaining ten requests in light of these two developments.

An interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although courts have discretion to issue such relief "as justice requires," *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)), courts typically do not grant Rule 54(b) motions absent "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order," *King & Spalding, LLP v. U.S. Dep't of Health & Human Servs.*, 395 F. Supp. 3d 116, 119–20 (D.D.C. 2019) (internal quotation marks omitted); *see also Montgomery v. Internal Revenue Serv.*, 356 F. Supp. 3d 74, 79 (D.D.C. 2019).

Plaintiffs' admissions are not the type of "new evidence" that would justify reconsideration.  Plaintiffs contend that, given their recent acknowledgment that Senator Cruz and his committee made the loans and structured their repayments solely for the purpose of bringing this lawsuit, the FEC's remaining ten requests are now "unreasonably cumulative or duplicative." Pls.' Mot. at 5 (quoting Fed. R. Civ. P. 26(b)(2)(C)).  But Plaintiffs cite no authority

2

that would permit a litigant to unilaterally cut off a legitimate line of inquiry by conceding one of its central themes.  The FEC seeks to "probe the . . . contours of [Plaintiffs'] statements" with documentary evidence, and that is its prerogative.  *See U.S. Dep't of the Treasury v. Pension Benefit Guar. Corp.*, 301 F.R.D. 20, 30 (D.D.C. 2014).  The risk of "some overlap" does not render the FEC's additional requests unreasonable.  *Id.*; *see also Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, No. CV 11-806 GK/DAR, 2013 WL 12333062, at *2 (D.D.C. May 1, 2013).  Besides, the requests at issue are not limited to inquiries about Plaintiffs' motivations.  The FEC seeks information that relates "broadly to the circumstances surrounding Senator Cruz's loans and their repayment," and the court previously held that this entire line of questioning was relevant to the "nature of the alleged burdens imposed on [Plaintiffs]."  Order at 7, 10.  Plaintiffs' narrow admissions do not undercut that conclusion or otherwise render compliance with the court's Order unduly burdensome.[1]

Therefore, the court **DENIES** Plaintiffs' Motion to Reconsider, ECF No. 46.

Dated:  April 24, 2020

/s/
Neomi Rao
United States Circuit Court Judge

/s/
Amit P. Mehta
United States District Court Judge

/s/
Timothy J. Kelly
United States District Court Judge

---

[1] Plaintiffs also argue that "proceeding with discovery into such questions would unnecessarily require this Court to resolve constitutional questions about the scope of the First Amendment."  Pls.' Mot. at 5. That argument, however, assumes that additional discovery is "unnecessary," which the court rejects for the reasons already discussed.