**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TED CRUZ FOR SENATE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 19-cv-908 (NJR, APM, TJK)** |
| ) | |
| **FEDERAL ELECTION COMMISSION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

In a previous decision, we compelled Plaintiffs Raphael Edward Cruz ("Senator Cruz")
and Ted Cruz for Senate ("Cruz Committee") to produce all non-privileged information responsive
to eleven discovery requests served on them by Defendant the Federal Election Commission
("FEC").  *See Ted Cruz for Senate v. FEC*, Civil Action No. 19-cv-908 (NJR-APM-TJK), 2020
WL 1509165, at *6 (D.D.C. Mar. 30, 2020).  In the same decision, we ordered Plaintiffs to submit
for in camera review certain records Plaintiffs had withheld based on a claimed First Amendment
privilege.  *See id.*  This Order resolves Plaintiffs' First Amendment privilege assertions as to those
records.

Plaintiffs have submitted two sets of records in camera.  The first set consists of a single
email and multiple attachments from Senator Cruz.  The second set consists of various financial
records and two email strings from the Cruz Committee.  For the reasons that follow, the court
orders partial disclosure of these records pursuant to a protective order that limits the FEC's use

and the public availability of records.  The parties shall submit a draft protective order by May 5, 2020.[1]

## I.

In our earlier opinion, we recognized that the First Amendment may shield otherwise relevant records from discovery.  *See Ted Cruz for Senate*, 2020 WL 1509165, at *5.  "The First Amendment privilege inquiry turns on a balancing of interests: The court must determine whether the interests and need of the party seeking the arguably protected materials outweigh the likely burden on the objecting party's First Amendment rights."  *Id.* (citing, among other cases, *Black Panther Party v. Smith*, 661 F.2d 1243, 1266 (D.C. Cir. 1981), *vacated as moot sub nom. Moore v. Black Panther Party*, 458 U.S. 1118 (1982)).  The D.C. Circuit in *Black Panther Party* observed that "whether a claim of [First Amendment] privilege should be upheld or whether discovery should be ordered requires a detailed and painstaking analysis."  661 F.2d at 1267.[2]  "The need for First Amendment protection should be carefully scrutinized.  The argument in favor of upholding the claim of privilege will ordinarily grow stronger as the danger to rights of expression and association increases."  *Id.* (internal citations omitted).  The party invoking the privilege need not prove "to a certainty" that First Amendment rights will be chilled by disclosure, but it must show "some probability that disclosure will lead to reprisal or harassment."  *Id.* at 1268.

The court must also scrutinize the purported need for disclosure.  *See id.*  Several factors are pertinent to this inquiry.  The first is the necessity of the information sought.  Where First Amendment interests are at stake , the government's "interest in disclosure will be relatively weak

---

[1] The FEC has indicated that it is "amenable to a protective order for confidential treatment" of these documents.  *See* Defs.' Reply in Supp. of its Consolidated Mot. for Partial Remand & to Compel Discovery Responses, ECF No. 44, at 15 n.10.

[2] Though *Black Panther Party* was vacated as moot, the court nevertheless quotes it for its persuasive force and guidance in conducting the requisite First Amendment balancing.  *See, e.g.*, *Educ. Fin. Council v. Oberg*, No. 10-mc-0079 (JDB), 2010 WL 3719921, at *5 (D.D.C. Mar. 8, 2010); *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3–4 & n.6 (D.D.C. 2002).

unless the information . . . is crucial to [its] case." *Id.* The court also must consider whether the information is available from alternative sources. *Id.* Only if the party seeking disclosure has shown that it has exhausted reasonable alternative sources of information should disclosure of information implicating First Amendment interests be ordered. *See id.* We do not discuss this second factor in our analysis below, because the only available source for the information sought is Senator Cruz or the Cruz Committee.

**II.**

**A.      Senator Cruz's Records**

*Cruz_00253–289.* The in camera submission from Senator Cruz consists of a single email string and a host of attachments. The email string and attachments concern, in the main, two matters of campaign strategy that have no bearing on the present lawsuit. The only pertinent portions are two references to this case found on Cruz_00254 and Cruz_00255.[3] Both references to this case appear as an agenda item for a conference call among campaign staff and others on April 16, 2018.

Having balanced the relevant interests, the court orders Plaintiffs to disclose only those references to this case and their relevant context. Specifically, Plaintiffs must disclose: (1) Cruz_00253 starting from "Begin forwarded message:" to the bottom of the page, but redacting the text of the subject line following "Re:"; (2) Cruz_00254 from the top of the page to "1) [case reference]"; and (3) Cruz_00255 starting with "From:  Prerak Shah . . ." to "Is someone creating the agenda?", but redacting that portion of the subject line following "Re:" and all of the body of the email from Prerak Shah except the clause starting with "I wasn't" and ending with the reference to this case. The remainder of the email string, including all attachments, shall be redacted.

---

[3] The same text appears on Cruz_00258, which appears to be the meeting agenda as an attachment. As this page is duplicative of the agenda contained in the email, its separate production is unnecessary.

Disclosure of these limited portions is warranted because, on balance, the relevance of the material sought outweighs the First Amendment concerns.  The need to protect the references to this action is weak as their compelled disclosure would have no evident chilling effect.  On the other side of the ledger, there is some need for the information.  The email string shows that, as early as April 2018, the Cruz campaign was discussing a possible lawsuit against the FEC, which arguably has some relevance to the central issue of the First Amendment burdens to free speech suffered by Plaintiffs.  Ultimately, both sides of the balance are weak, but because there is some relevance to when Plaintiffs first contemplated suing the FEC and no discernable First Amendment interest to protect in that information, disclosure is warranted.

### B.     The Cruz Committee's Records

The Cruz Committee's records can be separated into three categories.  First, the majority of the submitted records reflect a payment made on November 13, 2018, to a political consulting firm (Cruz_Committee_000205–241, 002070–2103).[4]  Most of these pages are invoices from the firm detailing expenses incurred by its consultants.  Second, additional pages reflect (1) a payment made on November 13, 2018, to a telephone fundraising company, plus invoices supporting that payment (Cruz_ Committee_000341–358), and (2) an invoice from the fundraising company dated December 15, 2018 (Cruz_ Committee_000329–332).  Third, there are two email strings, one with a last date of December 24, 2018 (Cruz_Committee_002603–2610), and the other with a last date of November 1, 2018 (Cruz_Committee_002611–2612).  The first email string mostly discusses outstanding campaign expenses as of mid-December 2018.  The second email string discusses fundraising needs, as of October 31, 2018, and ad spending in certain markets.

---

[4] Cruz_ Committee_002070–2103 is duplicative of Cruz_ Committee_000206–332.

*Cruz_Committee_00205–241, 000329–332, 000341–358, 002070–2103*.   The court discusses the financial records relating to the two consulting firms together, as both sets of documents involve identical considerations.   With the exception of several documents discussed below, there is little evident need for First Amendment protection of these financial records. *See FEC v. Machinists Non-Partisan Political League*, 655 F.2d 380, 388 (D.C. Cir. 1981) (observing that a demand for sensitive internal communications and information identifying volunteers "is of a fundamentally different constitutional character from the commercial or financial data which forms the bread and butter of SEC or FTC investigations").   The disclosure of such records does not carry "with it a real potential for chilling the free exercise of political speech and association guarded by the [F]irst [A]mendment," particularly since the FEC can access these types of records through its general enforcement powers. *Id.*; *cf. Am. Fed'n of Labor & Cong. of Indus. Orgs. v. FEC*, 333 F.3d 168, 178–79 (D.C. Cir. 2003) (explaining that the FEC is authorized "to order any person to submit written reports and answer its questions, to subpoena witnesses to testify or present documentary evidence, and to seek judicial enforcement of such orders and subpoenas").   The First Amendment concern is further mitigated by making release subject to a protective order, which will limit the FEC's use and possible public disclosure of the information.[5]   On the other side of the balance, there is some probative value to these records, as they reflect the types of expenses that the Cruz Committee made after the election instead of paying back Senator Cruz.

---

[5] Plaintiffs cite *International Action Center v. United States*, 207 F.R.D. 1 (D.D.C. 2002), for the proposition that a protective order is inadequate to avoid the chilling effect of disclosure when "[i]t is the government itself that Plaintiffs fear," *id.* at 3; *see* Pls.' Mem. in Opp'n to Defs.' Consolidated Mot. to Compel & Mot. for Remand, ECF No. 43 [hereinafter Pls.' Opp'n], at 18.   However, the plaintiffs in *International Action Center* feared that disclosure would lead to "harassment and reprisal" by the government.   207 F.R.D. at 2.   Plaintiffs have identified no such fears here. Instead, their concerns seemingly center around the risk of disclosure of sensitive strategic information to political opponents.   *See* Pls.' Opp'n, Ex. 1, Decl. of Nick Maddux, ECF No. 43-1, ¶¶ 6–7.   Any such risk is adequately addressed by a protective order.

However, Plaintiffs need not disclose the polling questions and data regarding responses to those questions found in Cruz_Committee_00332, 00350–352, 00357, and 00358. This information is irrelevant to this controversy and arguably involves sensitive internal strategic communications. Only the financial information on those pages must be disclosed. Likewise, Plaintiffs may redact all of Cruz_Committee_00331, as it exclusively contains strategy information and bears no relevance to this case.

*Cruz_Committee_002603–2610*. This record is the first of two email chains that concerns the financial condition of the Cruz Committee. This string is from late December and includes what appears to be a reference to repaying Senator Cruz the final portion of the loan. (Cruz_Committee_002605). For much the same reasons discussed above, disclosure of the majority of this information is warranted. Disclosure of information concerning the Cruz Committee's finances has little potential to chill First Amendment-protected activities, while there is some relevance of the financial information to the issue of burden. However, Plaintiffs may redact the last three lines of Cruz_Committee_002607 (following the phrase "Sent from my iPhone"), and all portions of Cruz_Committee_002608–10, except one, as these passages concern an employment issue that has nothing to do with this case. The sole exception appears at the top of Cruz_Committtee_002608. Plaintiffs shall disclose the "From," "Sent," and "To" lines of the email dated "December 21, 2018 9:17 AM," and that portion of the email body that starts with "Adding" and concludes with "today," but may redact the "Subject" line after "RE:".

*Cruz_Committee_002611–2612*. This second email exchange comes days before the election. It, too, discusses the Cruz Committee's finances; it also addresses fundraising needs and recommends ad buys in certain markets. For the same reasons discussed above, disclosure of this email, subject to two redactions, is warranted—the First Amendment concerns remain

limited, while the financial information is relevant to the issue of burden.  However, Plaintiffs may redact the text under the heading "Traffic Decisions" in Cruz_Committee_002611 and 002612, as this information entails campaign strategy that has little or no relevance to this case.


Dated:  April 30, 2020

                                    _____/s/_____
                                    Neomi Rao
                                    United States Circuit Court Judge

                                    _____/s/_____
                                    Amit P. Mehta
                                    United States District Court Judge

                                    _____/s/_____
                                    Timothy J. Kelly
                                    United States District Court Judge